ORIGINAL

FILED

04/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0174

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0174

STATE OF MONTANA,

Plaintiff and Appellee,

v.

JONATHAN J. WORK,

Defendant and Appellant.

FILED

APR 1 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Jonathan J. Work petitions this Court for an out-of-time appeal, indicating that he failed to file a timely appeal because his "mental disability stopped [him] from understanding and responding reasonably to the entire criminal process . . . ." He explains that he was sent to the Montana State Hospital after sentencing, and then with the onset of the COVID-19 pandemic, he was denied any access to the library and legal resources. After being placed in the Montana State Prison recently, he learned that he should not have taken "a plea deal" and instead requested a jury trial. He puts forth that he learned about appealing his sentence after his prison placement. Work challenges the length of his sentence and contends that his due process rights were violated. Work requests a trial and reduction of his sentence.

M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]" "Extraordinary circumstances do not include mere mistake, inadvertence, or excusable neglect." M. R. App. P. 4(6).

This Court is familiar with Work's criminal history and his arguments. On June 27, 2019, the State of Montana charged Work with felony stalking (first offense when the offender violates an order of protection). On February 18, 2020, the Gallatin County District Court committed Work to the Department of Health and Human Services for felony

stalking, pursuant to § 45-5-220(1), MCA (2019), for a five-year term, unsuspended. The court awarded Work 255 days of credit for time served.

Late last year, Work sought habeas corpus relief, challenging his felony offense, requesting a trial, and explaining that he was mentally ill at the time. This Court denied Work's petition for habeas corpus relief, stating that his sentence was valid. *Work v. State and Salmonsen*, No. OP 22-0613, Order (Mont. Nov. 15, 2022).

> Work was charged with a felony after the Montana Legislature revised the statute in question in 2019. Section 45-5-220(4)(b), MCA, provides that "for a first offense when the offender violated any order of protection, . . . , the offender shall be imprisoned in the state prison for a term not to exceed 5 years or fined an amount not to exceed $10,000, or both." The effective date of this statute was May 2, 2019. 2019 Mont. Laws Ch. 255, § 2.
>
> We reviewed the Protection Order, filed June 6, 2019, in the Ravalli County Justice Court, as well as the Protection Order Return of Service. Work committed the offense after the effective date of May 2, 2019, and § 45-5-220(4)(b), MCA, applies to him. The initial Protection Order Return of Service was served on Work in Missoula on May 25, 2019. Work contends that he was not served with a copy of the Protection Order, issued on June 4, 2019, and set to expire on June 4, 2022. Work brings any claim about service of protection orders or the corresponding dates too late and through the wrong remedy to this Court. Section 46-22-101(2), MCA.

Order, at 1-2.

We acknowledge that Work tries to explain the delay in seeking an appeal. Work's arrival at the State Hospital before the onset of the pandemic most likely contributed to a delay in seeking a timely appeal. However, we observe that in 2022, Work filed a petition for habeas corpus relief with this Court, instead of seeking an appeal.

We conclude that Work is not entitled to a petition for an out-of-time appeal. Work has not established extraordinary circumstances that failure to allow a late appeal would lead to a gross miscarriage of justice. M. R. App. P. 4(6). Accordingly,

IT IS ORDERED that Work's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

2

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Jonathan J. Work personally.

DATED this 11th day of April, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3